UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING          21-md-3010 (PKC)
ANTITRUST LITIGATION

                                                              This Order Applies to the
                                                              Competitor Actions Below

                                                                    25 cv 10477
                                                                    25 cv 10630
                                                                    25 cv 10817
                                                                    25 cv 10818
                                                                    25 cv 10819
                                                                    26 cv 140

                                                             PRE-TRIAL ORDER NO. 20

-----------------------------------------------------------------x
CASTEL, Senior District Judge.

       The Court recently has been assigned six actions brought by competitors or would-be competitors in the ad-tech stack arena (the "Competitor Actions"). Four were originally filed in the United States District Court for the Eastern District of Virginia ("E.D. Va.") and transferred to this Court by the Judicial Panel on Multidistrict Litigation and two were originally filed in this Court.

       Google seeks an order compelling the filing of a single consolidated complaint for the six Competitor Actions in anticipation of its filing a motion to dismiss. It has also proposed that certain motions based upon a lack of personal jurisdiction be heard and decided before any briefing on the adequacy of pleadings. Plaintiffs in the Competitor Actions oppose the relief.

       Plaintiffs claim a desire for coordination, but the joint letter of January 9, 2026

(ECF 1331) has no concrete proposal to avoid the following scenario: six motions to dismiss addressed to six pleadings (each with as many as 262 numbered paragraphs, 25 cv 10819) with overlapping (but not identical) claims prompting six moving briefs, six answering briefs and six reply briefs totaling 360 pages of briefing, assuming there is no extension of page limits. Some of the pleadings (e.g., 25 cv 10817, 25 cv 10818, 25 cv 10819) pre-date this Court's October 27, 2025 Order substantially granting a motion for issue preclusion based upon the findings and conclusions of Judge Brinkema in the E.D. Va. Action. Also, there is no indication that the Competitor Actions transferred from the E.D. Va. take account of the rulings made by this Court on the several motions to dismiss.

One plaintiff, OpenX, appears to have broken ranks with the rest of the pack and is listed as submitting both the January 9 letter (ECF 1331, 21 md 3010) and also its own letter of January 9 (ECF 1332, 21 md 3010) announcing an intent to amend its complaint.

Further amendment and coordination of pleadings and motions benefits the plaintiffs by enabling the Court to rule more efficiently without the need to read duplicative material that necessarily elongates the adjudicative process. It benefits the defendants in avoiding duplicative briefing. It will require, however, work on the part of the plaintiffs, especially to trim allegations that are unneeded or have been previously rejected by this Court.

The Court sets the following schedule:

1. Plaintiffs in the four actions originally filed in the E.D. Va. (25 cv 10817, cv 10818, 25 cv 10819 and 26 cv 140) are granted leave (to the extent leave is required) to file a single consolidated amended pleading by February 23, 2026, with joint allegations common to all plaintiffs and additional allegations specific to each plaintiff. The Court appoints Yonatan Even as coordinating

counsel for the purpose of filing the consolidated amended pleading and coordinated briefing on the anticipated motion to dismiss.

2. Plaintiffs in the two actions originally filed in this District (25 cv 10477 and 25 cv 10630) are granted leave (to the extent leave is required) to file a single consolidated amended pleading by February 23, 2026 with joint allegations common to all plaintiffs and additional allegations specific to each plaintiff. Because the plaintiffs in these two actions are represented by the same counsel, no coordinating counsel need be appointed.

3. Google may file a pre-motion letter directed to the two consolidated amended pleadings by March 16, 2026. Google's pre-motion letter shall propose a manner to efficiently brief its two motions. The Court will not permit a bifurcation of Google's motions to dismiss with personal jurisdiction defenses addressed before addressing pleading adequacy.

4. Plaintiffs may respond to the pre-motion letter by March 24, 2026 and should consult the Court's Individual Practices with regard to the content of the response.

5. On the assumption that the Court will allow the two motions to dismiss to proceed, a joint letter shall be filed by March 24, 2026 setting forth a joint proposal by the parties to the Competitor Actions for a briefing schedule.

6. Google's time to answer the complaints in the Competitor Actions is stayed pending further Order.

7. The parties shall serve Rule 26(a) initial disclosures by March 24, 2026. The parties may conduct discovery of documents from a party pursuant to Rule 34

on or after March 24, 2026 with a completion date for all party production of documents by June 26, 2026. Discovery is otherwise stayed pending further Order.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
January 13, 2026